NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM HOLLEY, et al., | No. 19-15325 |
| Plaintiffs-Appellants, | D.C. No. 3:16-cv-05475-WHO |
| v. | |
| TECHTRONIC INDUSTRIES NORTH AM., et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
William H. Orrick, District Judge, Presiding

Argued and Submitted June 12, 2020
San Francisco, California

Before:   M. SMITH and HURWITZ, Circuit Judges, and BURGESS,[**] District
Judge.

In this diversity suit, Plaintiffs William Jeff Holley and Phillip Calvin brought

claims against Defendants Techtronic Industries North America, Inc., and One

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Timothy M. Burgess, United States Chief District Judge
for the District of Alaska, sitting by designation.

World Technologies, Inc. for manufacturing defect, negligence, and loss of consortium after Holley was injured while operating a miter saw that Defendants manufactured. Specifically, Plaintiffs allege that Defendants improperly assembled the carriage bolt, lock nut, and Loctite 243 required to secure the miter saw's lower blade guard. Defendants moved for summary judgment, arguing that Holley cannot establish by a preponderance of the evidence that such a defect existed in the saw at the time it left Defendants' control. The District Court granted summary judgment for Defendants on Plaintiffs' three claims. Plaintiffs timely appealed. We have jurisdiction under 28 U.S.C. § 1291 and reverse and remand.

We review de novo a district court's grant of summary judgment. *Suzuki Motor Corp. v. Consumers of Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). "We must therefore determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law." *Id*. The nonmoving party may rely on circumstantial evidence to defeat a motion for summary judgment. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 153–59 (1970). When evaluating evidence, "we must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and the weight to be accorded particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Plaintiffs produced enough admissible evidence to create a genuine dispute of material fact regarding whether there was a defect in the saw when it left Defendants' control—the crux of Plaintiffs' manufacturing defect and negligence claims. *See, e.g., Barrett v. Atlas Powder Co.*, 86 Cal. App. 3d 560, 564 (1978). First, Holley testified that the saw was new, sealed in packaging, and in pristine condition when he purchased it from a third-party seller. Despite observing wear around the carriage bolt, Plaintiffs' expert opined that the wear does not necessarily indicate that the saw was used prior to Holley's purchase. Second, the parts at issue are internal components that are only accessible by partially disassembling the saw. In light of Holley's testimony that he purchased the saw in sealed packaging and had not accessed the parts at issue, it could reasonably be inferred from the nature and location of these parts that the defect resulted from faulty manufacturing. Third, evidence shows that there was no Loctite 243 residue on the carriage bolt, even though the manufacturing instructions specify that Loctite would be applied directly to the carriage bolt prior to fastening the lock nut. Viewing the evidence in the light most favorable to Plaintiffs and drawing all reasonable inferences for Plaintiffs, there remain genuine issues of material fact sufficient to defeat a motion for summary judgment on Plaintiffs' manufacturing defect and negligence claims. Because Plaintiff Calvin's loss of consortium claim is dependent on Plaintiff Holley's tort claims, the District Court also dismissed it in error. *See Leonard v. John Crane, Inc.*,

3                                                                    19-15325

206 Cal. App. 4th 1274, 1288 (2012) (a loss of consortium claim "stands or falls" with the spouse's actionable tortious injury) (quoting *Hahn v. Mirda*, 147 Cal. App. 4th 740, 746 (2007)).

**REVERSED AND REMANDED.**